# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

New Case Electronically Filed: COMPLAINT
May 25, 2021 12:33

By: ROBERT P. SWEENEY 0026605

Confirmation Nbr. 2261686

| | |
|---|---|
| LAWRENCE JOSEPH BOLGAR | CV 21 947913 |
| vs. | |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL. | **Judge:** SHIRLEY STRICKLAND SAFFOLD |

**Pages Filed:** 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LAWRENCE JOSEPH BOLGAR )<br>864 West River Rd )<br>Valley City, OH 44280 )<br>    ) <br>    Plaintiff, )<br>    )<br>vs. )<br>    )<br>CLEVELAND METROPOLITAN )<br>SCHOOL DIST. )<br>1111 Superior Ave., Ste 1800 )<br>Cleveland, OH 44114 )<br>    )<br>ERIC S. GORDON )<br>Chief Executive Officer )<br>Cleveland Metropolitan School District )<br>1111 Superior Ave., Ste. 1800 )<br>Cleveland, OH 44114 )<br>    )<br>    Defendant ) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br>COMPLAINT<br>(Trial by Jury Demand) |

## PARTIES

1. Plaintiff Lawrence Joseph Bolgar, is a citizen of Cuyahoga County, Ohio, who at all times pertinent herein has been employed by Defendant Cleveland Metropolitan School District.

2. Defendant Cleveland Metropolitan School District is a political subdivision under Ohio law, and an independent body politic that operates under authority granted pursuant to Ohio Revised Code Sec. 3735.27 to 2725.50. Defendant Eric S. Gordon is the Chief Executive Officer of the Cleveland Metropolitan School District and is named in his official capacity only, as representative of the School District and the Board of Education.

## NATURE OF THE ACTION

3. This action is brought pursuant to the Ohio Civil Rights Act, Ohio Revised Code Sec 4112.01 et seq, the Ohio Common Law, and 29 U.S.C. Sec. 621 et seq., the Age Discrimination in Employment Act, or ADEA. The central allegation is that age discrimination has unfairly resulted in denial of promotions to Plaintiff. The prayer for relief asks for money damages, together with injunction and declaratory relief.

## JURISDICTION & VENUE

4. Defendant is a political subdivision with it's principal place of business in Cuyahoga County, and all events and circumstances giving rise to this cause of action have taken place in Cuyahoga County.

5. Defendant is an employer within the meaning of the Ohio Civil Rights Act, O.R.C. Sec. 4142.01 (A)(2), and within the meaning of the ADEA, 29 U.S.C. §630 (b)(2).

6. Plaintiff has fulfilled the conditions precedent to a suit under both the Ohio Civil Rights Act, ORC Sec. 4112.01 et seq. and under ADEA, 29 USC §626, and 633 as amended, as further stated in paragraphs 7 and 8 below.

## ADMINISTRATIVE PROCEDURES

7. On May 21, 2020 Plaintiff filed a charge with the EEOC, Charge No. 532-2020-01127, claiming that Defendant discriminated against him on the basis of age, in that he was denied promotions for which he was well qualified and had applied on or about September 10, 2019 through February 5, 2020, and these denials were directly attributable to discrimination based on his age, and such discrimination is continuing. Ohio is a "dual filing" state, and this charge with the EEOC represents companion filing with the Ohio Civil Right Commission, under

2

ORC Sec. 4112.052.

8. The EEOC issued a Dismissal of Charge and Notice of Right to Sue, on March 1, 2021.

## CAUSE OF ACTION

Age Discrimination
Under Ohio Civil Rights Act, ORC Sec. 4112.02, 4112.052, 4112.99
And under the ADEA, 29 U.S. Code Sec. 621 et seq.

### Factual Allegations

9. Plaintiff was hired by Defendant, as an Educational Aide on or about October, 2014. Since 2017 he has repeatedly filed for posted jobs/promotions, on at least 20 different occasions, but he has never even received opportunity to interview for any of these.

10. Plaintiff's date of birth is September 16, 1950. He is presently 70 years of age.

11. On information and belief Plaintiff alleges that in each of these occasions the person granted interviews and selected for the positions was significantly younger than the Plaintiff, a pattern that has continued for the selection process at issue in this case.

12. On September 10, 2019 Plaintiff applied for the position of Internal Financial Partner. This position calls for a candidate capable of carrying out budget and managerial responsibilities, including such areas of budget development, monitoring, reporting and analysis. The job also requires strategic analysis related to school budgets.

13. The Plaintiff has superior background experience and skills required to fill the position of Internal Financial Partner. In 2016 his position with the Defendant was Business Office Manager at John Hay School of Science and Medicine. His duties included tracing mobile computers, instructing students on using Microsoft Office, Excel and Power Point. He

maintained Excel spread sheets tracking projects under the supervision of the Principal, including admissions. Thereafter, under a new Principal, Plaintiff volunteered to continue with the tracking of the admissions process. This tracking included testing, verifying G.P.A.'s, contacting references, and maintaining contact with parents and students. All this was in addition to Plaintiff's normal duties as Business Office Manager.

14. Earlier in his career he has had additional managerial experience, including with:

a.) Kaiser Permanente, 2005-2009, managing a staff of 70 and responsible for collection of co-payments, co-insurance, and deductibles, on over 400,000 emergency room admissions;
b.) Urology of Northern Ohio, 2004-2005, with responsibilities that included planning, developing and directing business plans. Directed 10 employees at three offices and budget of 2 million dollars;
c.) Life Care Center of Medicine, 2003-2004, where he planned, directed and maintained strategic relationships with providers, hospitals and social service agencies;
d.) Northern Ohio Imaging Center, Inc., 1993-2002, when he was responsibile for planning, developing and implementing strategic business plans. Oversaw staff of 25 employees and budget of 15 million dollars.

15. But Defendant never interviewed Plaintiff for the positions at issue, a deliberate course of action insuring that the Defendant would not have to take all the Plaintiff's experience and qualification into consideration as they reached their decision and selected a younger and less qualified candidate for the position.

16. On information and belief the Plaintiff alleges that Defendant only interviewed one applicant for the position, and that applicant was under 40 years of age. The Defendant selected this applicant for the position, when in fact she was far less qualified than the Plaintiff.

17. Plaintiff also alleges that Defendant, contrary to their announced policy of filling this position from within, went outside their own staff to fill the position, as the successful candidate

4

had not previously worked for Defendant.

18. And in making their selection the Defendant chose a candidate whose past experience involved customer service and bookkeeping functions, but no supervisory or budgeting or planning responsibilities, and whose experience even in these limited areas only went back to 2014.

19. On January 13, 2020 Plaintiff applied for the position of Internal Medicaid Support Specialist. The job description calls for a candidate who will work closely with Medicaid Providers to support the work of the Ohio Medicaid School Program. Responsibilities include ensuring that documentation complies with Medicaid requirements, to do the necessary outreach to providers to gather accurate information, to track and record consent to release information and to prepare reports required by the District, the Ohio Department of Jobs and Family services, and the Ohio Department of Education.

20. The Plaintiff has superior background experience and skills required for the position of Internal Medicaid Support. He has over 12 years experience working with all aspects of Medicaid, while working as a case worker and a coordinator with Cuyahoga County Human Services. This is in addition to his experience as a manager in the Health Care field for over 25 years. And his experience includes work to establish, review and maintain the ICD 9 coding system for the health care group.

21. In keeping with their past pattern and practice the Defendant refused to interview Plaintiff for the position and deliberately ignored the full scope of his qualifications for this position.

22. The Defendant interviewed and selected as the successful candidate for the position

5

a person who is 30 years old and who is far less qualified than the Plaintiff. This person received an associates degree in Health Information Management, in 2016, and her BA in 2020, but her work experience only dates back to 2019, at Metro General Health, as an "informational specialist" who responded to inquiries and whose job was to file and retrieve medical records.

23. The Defendant's willingness to interview this younger applicant, while once again refusing to extend such opportunity for interview to Plaintiff, is based on age discrimination, the same as Defendant's refusal to interview him for the position of Internal Financial Partner.

24. The Defendant's prejudice toward the Plaintiff because of his age was the proximate and driving cause of their refusal to promote him to these positions.

25. And this discrimination is ongoing. On February 5, 2020 Plaintiff applied for the position of Internal Dean of Engagement and Student Support. This too is a position he is well qualified to fill. The Defendant has not yet filled the position and continues to hold it open for applications, yet once again Plaintiff's application has languished for over a year and he has never been invited to interview for the job.

*Legal Basis of Claim:*

26. In all the particulars set forth above, in paragraphs 9 through 25, the Defendant did violate ORC Sec. 4112.02 which states, in pertinent part, that it "shall be unlawful discriminatory practice (A) for any employer, because of.... age... to discriminate against that person with respect to hire, tenure, <u>conditions or privileges of employment, or any matter directly or indirectly related to employment</u>".

27. ORC Sec. 4112.052 provides a cause of action to persons such as Plaintiff who have been the victims of unlawful age discrimination, and who have exhausted administrative

6

remedies, such as the Plaintiff. And ORC Sec. 4112.99 provides that those affected by unlawful age discrimination may recover "civil damages, injunctive relief and other appropriate relief".

28. The Plaintiff also has a private right of action under the ADEA, 29 U.S. Code Sec. 621 et seq. The stated purpose of the ADEA was to "promote employment of older persons based on their ability rather than age", 29 U.S. Code Sec. 621, and its protections specifically extend to those 40 years of age and older, 29 U.S. Code Sec. 631. And actions by an employer that adversely affect those 40 years or older give rise to a presumption that the action was a result of such age discrimination.

29. The acts of the Defendant were intentional, wilful, wanton and in reckless disregard for the rights of the Plaintiff.

30. As a direct result of the conduct of the Defendant the Plaintiff has suffered loss of wages and benefits, emotional distress, embarrassment, humiliation and lost of self-esteem, all of which shall continue for the foreseeable future.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant, as follows:

A. Order the Defendant to make the Plaintiff whole, with appropriate back pay, front pay and benefits, in amounts to be determined at trial:

B. Award Plaintiff compensatory damages for the emotional distress, embarrassment, humiliation and lost of self-esteem because of the defendants' actions, in an amount to be determined at trial;

C. Grant injunctive relief by ordering the Defendant to forthwith place the Plaintiff in the position he applied for on September 10, 2019, that of Internal Financial Partner, or an equivalent

7

position, and to take all necessary steps in calculating his seniority and benefits, to eradicate the effects of Defendant's unlawful discrimination;

D.  Permanently enjoin the Defendant from continuing the past practice of interviewing significantly younger candidates for position but not extending the same opportunity for interview to Plaintiff or others 40 or older.

E.  Award Plaintiff the costs of this action, including reasonable attorneys' fees;

F  and, Grant such other legal and equitable relief as is necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on al questions of fact raised herein.

Respectfully Submitted:

*/s/ Robert P. Sweeney*
ROBERT P. SWEENEY (0026605)

/s/ Robert P. Sweeney
ROBERT P. SWEENEY (0026605)
ROBERT E. SWEENEY CO., L.P.A.
Attorney for Plaintiffs
20525 Center Ridge Rd., Suite 205
Rocky River, Ohio 44116
(216) 696-0606
rps@rescolaw.com

8

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21947913 | D1 CM | 44498691 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

LAWRENCE JOSEPH BOLGAR  **PLAINTIFF**
VS
CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL.  **DEFENDANT**

CLEVELAND METROPOLITAN SCHOOL DISTRICT
1111 SUPERIOR AVE.
SUITE 1800
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:

**Plaintiff's Attorney**

ROBERT P SWEENEY
20525 CENTER RIDGE RD., STE. 205
ROCKY RIVER, OH 44116-0000

Case has been assigned to Judge:

SHIRLEY STRICKLAND SAFFOLD
Do not contact judge. Judge's name is given for attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
Deputy

DATE SENT
May 25, 2021

COMPLAINT FILED   05/25/2021



CMSN130

UNITED STATES
POSTAL SERVICE™

Date Produced: 05/31/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 7785 50. Our records indicate that this item was delivered on 05/28/2021 at 11:04 a.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21947913 | D2 CM  44498692 |

Rule 4 (B) Ohio
Rules of Civil Procedure

LAWRENCE JOSEPH BOLGAR **PLAINTIFF**
VS
CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET AL. **DEFENDANT**

# SUMMONS

ERIC S. GORDON
CHIEF EXECUTIVE OFFICER CLEVELAND
METROPOLITAN SCHOOL DISTRICT
1111 SUPERIOR AVE.
SUITE 1800
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on: 

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Plantiff's Attorney**

ROBERT P SWEENEY
20525 CENTER RIDGE RD., STE. 205

ROCKY RIVER, OH 44116-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

SHIRLEY STRICKLAND SAFFOLD
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

DATE SENT
May 25, 2021

By 
Deputy



COMPLAINT FILED    05/25/2021

CMSN130

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 05/31/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 7785 74. Our records indicate that this item was delivered on 05/28/2021 at 11:04 a.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: CV21047913 P44498692 / GORDON/ERIC/S/ 2021-02/05/ 047913 Case CV21947913
Sent To: 1111 SUPERIOR AVE. SUITE 1800 CLEVELAND, OH 44114